**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Lavonne TEALL, Defendant–Appellant.**

**No. 02–5800.**

United States Court of Appeals,
Sixth Circuit.

June 4, 2004.

Gregg L. Sullivan, Asst. U.S. Attorney, U.S. Attorney's Office, Chattanooga, TN, for Plaintiff–Appellee.

Lavonne Joy Teall, Tallahassee, FL, pro se.

Christopher R. Fortunato, Lakewood, OH, for Defendant–Appellant.

Before BOGGS, Chief Judge; KENNEDY, Circuit Judge; and RUSSELL, District Judge.*

PER CURIAM.

Defendant Lavonne Teall asserts that the district court erroneously failed to recognize and grant her motion to withdraw

* The Honorable Thomas B. Russell, United States District Judge for the Western District of Kentucky, sitting by designation.

her guilty plea, that the district court erred by imposing additional sentencing levels for firearm possession, and that it erred in failing to require support for the Government's decision not to move for a downward departure in sentencing. Because we find no merit in any of these assertions, we affirm the judgment of the district court.

Teall was arrested for distributing methamphetamine by mail. According to a government informant, Teall also occasionally accepted payments for drugs face to face at her home. Teall pleaded guilty, in accordance with a plea bargain, to distributing more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841.

The plea bargain obliged the Government to move for a downward departure under U.S.S.G. § 5K1.1 if Teall rendered substantial assistance "in the view of the United States." The agreement further specified that "[t]he determination as to whether or not Ms. Teall has rendered substantial assistance will be made solely by the United States." At Teall's sentencing hearing, the Assistant United States Attorney advised the district court that Teall had not been completely candid in her cooperation, and the Government therefore would not request a downward departure.

Teall's Presentencing Report recommended a two-level enhancement of her base offense level for possession of a pistol found in her home at the time of her arrest. The trial judge followed that recommendation, and also subtracted three offense levels for acceptance of responsibility. After calculating her offense level, the trial judge gave Teall the minimum sentence prescribed by the Sentencing Guidelines.

Teall did not object at the hearing to the contents of the Presentencing Report or to the sentence. Two weeks later, however, on May 30, 2002, she sent the trial court a rather incoherent letter pro se. In this letter. Teall explained that although her lawyer believed an appeal would be frivolous and thus her sentence could not be changed, she wanted "the Case, at least the [sic] appealed." The court construed this letter as a notice of appeal. Teall sent another letter on June 11, 2002, which she failed to include in the record before this court. Teall now characterizes both letters as motions to withdraw her guilty plea.

■ Under Rule 11(d) of the Federal Rules of Criminal Procedure, a trial court may permit a defendant to withdraw a guilty plea for a "fair and just reason." But no reasonable person could read Teall's letter of May 30 as a motion to withdraw her plea, and because Teall failed to apprise this court of the contents of her June 11 letter, we cannot construe it as a motion to withdraw either. Even if either letter could be construed as a motion to withdraw, such a motion would have been untimely, because a guilty plea may not be withdrawn after the sentencing hearing. Fed.R.Crim.P. 11(e). Moreover, she does not, and within the record before us did not, set forth any reason, fair or unfair, for withdrawal. Therefore, this court will not set aside her guilty plea.

■ Teall's contentions as to the sentencing levels assigned by the district court are equally unfounded. Teall argues that no evidence linked her weapon to her offense so as to justify additional levels. But the loaded handgun was found at her home, at which she conducted her illegal business face to face, so the Government showed a nexus between the gun and the crime; the burden then shifted to Teall to show that it was "clearly improbable that the weapon was unconnected" to her offense. *United States v. Miggins*, 302 F.3d 384, 391 (6th Cir.2002). Teall makes no such showing. Moreover. Teall waived

this issue by not objecting to the Presentencing Report's recommendation that her offense level be increased for handgun possession. *United States v. Hurst,* 228 F.3d 751, 760 (6th Cir.2000) (citing former Fed. R.Crim.P. 32(c)(1), now 32(i)(3)(B)).

■ Teall did not object at the sentencing hearing to the Government's refusal to move for a downward departure. Matters not presented to the district court are reviewed only for plain error or defects affecting substantial rights. Fed. R.Crim. Pr. 52(b). The district court did not plainly err by failing to require sua sponte that the Government present evidence that Teall had not satisfied her part of the plea bargain, because the plea agreement reserved complete discretion to the Government. *United States v. Benjamin,* 138 F.3d 1069, 1074 (6th Cir.1998).

For these reasons, we AFFIRM the judgment of the district court.